## UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In Re: | ) |
| | ) **JUDGE RICHARD L. SPEER** |
| Taryn L. Stone | ) |
| | ) Case No. 09-3072 |
| Debtor(s) | ) |
| | ) (Related Case: 09-32346) |
| United States Trustee | ) |
| | ) |
| Plaintiff(s) | ) |
| | ) |
| v. | ) |
| | ) |
| Taryn Stone | ) |
| | ) |
| Defendant(s) | ) |

### DECISION AND ORDER

This cause comes before the Court on the Motion of the United States Trustee Requesting the Court to Enter an Order Denying Debtor a Discharge. (Doc. No. 12). This Motion is brought in furtherance of its "Complaint Objecting to Discharge under 11 U.S.C. section 727." (Doc. No. 1). The Debtor, Taryn L. Stone, filed a Response, opposing the relief sought by the Motion of the United States Trustee. (Doc. No. 8). Regarding their respective positions, each of the Parties submitted written arguments to the Court. The Court has now had the opportunity to consider these arguments, as well as the entire record in this case. Based upon this review, the Courts finds, for the reasons set forth in this Decision, that the Motion of United States Trustee has merit.

United States Trustee v. Taryn Stone
Case No. 09-3072

## FACTS

On September 28, 2001, the Defendant/Debtor, Taryn L. Stone (hereinafter the "Debtor"), filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code. (Case No. 01-36060). For this case, an order of discharge was entered by the Court. On April 13, 2009, approximately seven years and six months after filing her petition, the Debtor again sought relief in this Court, filing another petition under Chapter 7 of the Bankruptcy Code.

Thereafter, the Plaintiff/United States Trustee (hereinafter the "UST"), filed the complaint now before the Court, objecting to the entry of a discharge in the Debtor's bankruptcy case. As the basis for its complaint, the UST cited to § 727(a)(8) which generally precludes the entry of a discharge in a Chapter 7 case if, within the preceding eight years, the debtor had been granted a discharge in a prior case filed under Chapter 7.

## DISCUSSION

Before this Court is the Motion of the UST as brought in support of its Complaint Objecting to Discharge. A proceeding brought objecting to discharge is deemed to be a "core proceeding" pursuant to 28 U.S.C. § 157(b)(2)(J). Thus, this Court has the jurisdictional authority to enter a final order in this matter.

In a case brought under Chapter 7 of the Bankruptcy Code, a court is required to enter an order of discharge unless any of the statutory grounds set forth in § 727(a) are present. *Cadwell v. Joelson (In re Joelson)*, 427 F.3d 700, 704 (10th Cir. 2005), *cert. denied* 547 U.S. 1163, 126 S.Ct. 2321 (2006). The grounds warranting a denial of a discharge under § 727(a) are multifaceted, but all have in common the same goal: to deter abuse of the bankruptcy system. *In re Hermanson*, 273 B.R. 538, 545 (Bankr. N.D. Ill. 2002).

Page 2

United States Trustee v. Taryn Stone
Case No. 09-3072

In this matter, the UST cites solely to paragraph (8) of § 727(a) as the basis for its Complaint Objecting to Discharge. This provision proscribes a debtor from receiving a discharge in a Chapter 7 case more than once every eight years, providing, *inter alia*:

> (a) The court shall grant the debtor a discharge, unless–
>
>> (8) the debtor has been granted a discharge under this section, . . . in a case commenced within 8 years before the date of the filing of the petition[.]

The purpose of this provision is to prevent the creation of serial debtors, who would otherwise seek Chapter 7 relief every time they found themselves unable to repay their debts. *Tidewater Fin. Co. v. Williams*, 498 F.3d 249, 258 (4th Cir. 2007); *In re Williams*, 333 B.R. 68, 74 (Bankr. D. Md. 2005), *order aff'd*, 341 B.R. 530 (D. Md. 2006).

As with those other § 727(a) grounds proscribing the entry of an order of discharge, the party bringing a complaint under § 727(a)(8) bears the burden of proof. *Matter of Bishop*, 74 B.R. 677, 681 (Bankr. M.D.Ga.1987). For its burden, it is the position of the UST that the requisite eight-year interval between Chapter 7 bankruptcies, as provided for in § 727(a)(8), has not been met because the Debtor "filed a prior chapter 7 petition on September 28, 2001 and filed the instant petition on April 13, 2009." (Doc. No. 12, at pg. 3). Thus, according to the UST, the "Debtor is not eligible to file another chapter 7 petition until September 28, 2009." *Id.*

The eight-year interval prescribed by § 727(a)(8) is measured from the date on which the first bankruptcy case is "commenced," and ends on the date in which the "filing" of the subsequent bankruptcy petition occurs. As used in § 727(a)(8), the terms "commenced" and "filing" are essentially synonymous with the other, with the Bankruptcy Code providing that a case "is commenced by the filing with the bankruptcy court of a petition . . . ."11 U.S.C. § 301(a). *See also* 11 U.S.C. § 302(a) and § 303(b). The time period of § 727(a)(8), thus, may be said to be measured from filing to filing. *See*

Page 3

United States Trustee v. Taryn Stone
Case No. 09-3072

*Carroll v. Sanders (In re Sanders)*, 551 F.3d 397, 401 (6th Cir. 2008). The date of the entry of discharge is not relevant.

Accordingly, the position of the UST has merit, with this Court able to take judicial notice that the Debtor filed and received a discharge in a prior Chapter 7 case commenced on September 28, 2001, and that the Debtor then filed her instant case under Chapter 7 on April 13, 2009. Simple math, thus, shows that to avoid running afoul with the eight-year time period prescribed by § 727(a)(8), the Debtor needed to wait until at least September 28, 2009, to file her present Chapter 7 petition.

In opposition to the Complaint of the UST Objecting to Discharge, the Debtor did not take substantive issue with the propriety of this Court's calculation using the eight-year period set forth in § 727(a)(8). Instead, in support of her position that she is entitled to receive a discharge in her present Chapter 7 case, the Debtor took issue with even utilizing, in the first instance, an eight-year time frame for purposes of § 727(a)(8). In this respect, it is the position of the Debtor that, in her particular situation, the limitations period of § 727(a)(8) should be calculated using a period of six years, not eight years, thereby making her eligible to receive a discharge in her present Chapter 7 case. The Debtor raised what can be construed as two separate arguments in support of this position.

The Debtor's first argument stems from the enactment by Congress of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, often referred to by its acronym, BAPCPA. This Act effectuated many changes to the Bankruptcy Code, including amending § 727(a)(8) so as to extend its limitation period from six years to eight years. This amendment to § 727(a)(8), like most of the other provisions of BAPCPA, became effective October 17, 2005 – a date which is subsequent to the Debtor's prior Chapter 7 case.

Based on this, the Debtor takes the position that her present bankruptcy case should be governed by the version of § 727(a)(8) which was in effect when she filed her prior Chapter 7 case in

Page 4

2001. That is, her present bankruptcy filing should not be circumscribed by the subsequent modification to § 727(a)(8) which served to lengthen the limitations period of the statute from six years to eight years.

Although not directly stated in her argument, this position advocated by the Debtor relies upon the principle that legislative enactments are presumed to apply prospectively, not retroactively. *See* 2 Sutherland Statutory Construction § 41:1 (6th ed.). In *Landgraf v. USI Film Prods.*, the United States Supreme Court explained the reasoning for this presumption, stating that it "accords with widely held intuitions about how statutes ordinarily operate" and "will generally coincide with legislative and public expectations." 511 U.S. 244, 272, 114 S.Ct. 1483, 128 L.Ed.2d 229 (1994).

However, as the Supreme Court also observed in *Landgraf*: "A statute does not operate 'retrospectively' merely because it is applied in a case arising from conduct antedating the statute's enactment, or upsets expectations based in prior law. Rather, the court must ask whether the new provision attaches new legal consequences to events completed before its enactment." *Id.* at 269-70. In *Landgraf*, the Court further observed that legislative enactments frequently "unsettle expectations and impose burdens on past conduct: a new property tax or zoning regulation may upset the reasonable expectations that prompted those affected to acquire property." *Id.* at 269 fn. 24. But "a statute is not made retroactive merely because it draws upon antecedent facts for its operation." *Id.* (internal citations and quotation omitted).

Citing to this precedent, the bankruptcy court, in the case of *Neary v. McKittrick (In re McKittrick)*, addressed the exact issue presented here – where a debtor, otherwise ineligible to receive a discharge on account of the eight-year limitations period of § 727(a)(8), argued that the prior version of the statute should be applied. 349 B.R. 569 (Bankr. W.D. Wis. 2006). The court in *In re McKittrick*, rejected this argument, explaining:

Page 5

> The statute does not act to retroactively punish behavior, and while § 727(a)(8) implicates the debtor's prior conduct, it is nonetheless 'prospective' in its application. It affects only future conduct-namely, the filing of subsequent bankruptcy cases. As the U.S. Trustee notes, the 2005 amendments do nothing to affect the actual substantive rights the debtor received as a result of her 1998 bankruptcy, such as her discharge in that case. The notion that the debtor could possess a substantive right to a subsequent bankruptcy filing is misplaced. Given Congress's ability to modify, amend, or even repeal the bankruptcy laws, the debtor could have had no assurance that the bankruptcy laws would remain substantially the same even six years after her 1998 filing. In fact, there is no constitutional right to a discharge at all.

*Id.* at 571.

The Court can see no defect in this line of reasoning and no substantial argument has been presented to the contrary. Bankruptcy, as noted in *In re McKittrick*, is not a right. *United States v. Kras*, 409 U.S. 434, 446, 93 S.Ct. 631, 34 L.Ed.2d 626 (1973). Congress was free to modify or even nullify the Debtor's ability to receive a discharge at any time. This it did when, with the enactment of BAPCPA in 1995, it extended the limitations period of § 727(a)(8) from six years to eight years.

Therefore, while the Debtor may have had an expectation that in 2001 she would again be eligible for bankruptcy relief in six years, the Debtor derived no substantive right from this expectancy, and is thus subject in this case to the eight-year limitations period of § 727(a)(8). The Debtor's second argument does not change this result.

In support of her position that the limitations period of § 727(a)(8) should, in her particular situation, be calculated using a period of six years, the Debtor also set forth that "727(a)(9) clearly shows the intent of Congress that the period is six years." (Doc. No. 8). While this statement is somewhat cryptic, the Debtor is presumably advocating for the application of § 727(a)(9) to her present

Page 6

United States Trustee v. Taryn Stone
Case No. 09-3072

bankruptcy case. This provision, unlike § 727(a)(8), sets forth a six-year limitations period, providing in relevant part:

> (a) The court shall grant the debtor a discharge, unless–
>
> > (9) the debtor has been granted a discharge under section *1228 or 1328* of this title, . . . in a case commenced within *six years* before the date of the filing of the petition . . .

(emphasis added). The Debtor's position, that it was the intent of Congress to have her case governed by the six-year limitations period of § 727(a)(9), however, has two fatal flaws.

First, § 727(a)(9) explicitly states that it is only applicable when the debtor's prior discharge was entered pursuant to § 1228 or § 1328 of the Bankruptcy Code. These provisions, § 1228 and § 1328, refer to a discharge entered in a Chapter 12 or 13 case, and thus are not applicable to the Debtor's prior Chapter 7 case wherein the discharge was entered pursuant to § 727(a). 11 U.S.C. § 103 (the provisions of Chapters 7, 12 and 13 have application only to cases filed under their respective chapters). Consequently, whatever Congress's intent, the Court cannot ignore this clear statutory directive, that the six-year limitations period of § 727(a)(9) only applies when the debtor's prior discharge was entered in a Chapter 12 or Chapter 13 case. *Hartford Underwriters Ins. Co. v. Union Planters Bank, N. A.*, 530 U.S. 1, 6, 120 S.Ct. 1942, 147 L.Ed.2d 1 (2000) ("when the statute's language is plain, the sole function of the courts – at least where the disposition required by the text is not absurd – is to enforce it according to its terms.").

Even if not the case, the Debtor's position, that it was the intent of Congress to apply the six-year limitations period of § 727(a)(9) to § 727(a)(8), does not square with the realities of the situation. Congress expressly amended § 727(a)(8) so as to extend its limitations period from six years to eight years, thus begging the question: if Congress had intended the limitations period of § 727(a)(8) to be six years, why did it expressly amend the provision so as to extend its limitations period to eight years?

Page 7

United States Trustee v. Taryn Stone
Case No. 09-3072

In conclusion, the record in this case shows that on September 28, 2001, the Debtor filed a voluntary petition in this Court for relief under Chapter 7 of the Bankruptcy Code, thereafter receiving a discharge. On April 13, 2009, approximately seven years and six months later, the Debtor then again commenced a case in this Court under Chapter 7 of the Bankruptcy Code. For this subsequent bankruptcy, the 2005 amendment to § 727(a)(8), establishing an eight-year limitations period, was applicable, thereby making the Debtor ineligible to receive a discharge in her present bankruptcy case.

In reaching the conclusions found herein, the Court has considered all of the evidence, exhibits and arguments of counsel, regardless of whether or not they are specifically referred to in this Decision.

Accordingly, it is

**ORDERED** that the Motion of the United States Trustee, Requesting the Court to Enter an Order Denying Debtor a Discharge, be, and is hereby, GRANTED.

**IT IS FURTHER ORDERED** that, pursuant to 11 U.S.C. § 727(a)(8), the bankruptcy discharge of the Debtor, Taryn Stone, be, and is hereby, DENIED.

Dated: October 6, 2009

_____
Richard L. Speer
United States
Bankruptcy Judge

Page 8

# CERTIFICATE OF SERVICE

Copies were mailed this 6th day of October, 2009 to:

Taryn L. Stone
511 St. Louis Street
Toledo, OH 43605

Michael Prephan, Sr
520 Madison Ave. Suite 310
Toledo, OH 43604

United States Trustee
Howard M. Metzenbaum U. S. Courthouse
201 Superior Avenue, East
Suite 441
Cleveland, OH 44114

Linda Maria Battisti ust21
Office of the US Trustee
201 Superior Avenue
#441
Cleveland, OH 44114

                                                /s/Dawn Serna-Gensch
                                             Deputy Clerk, U.S. Bankruptcy Court